UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PERNELL ANTONIO GRANT,

        Plaintiff,

v.                                                                        Case No. 3:18-cv-252-J-39JBT

OFFICE OF THE STATE ATTORNEY,
et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL**

Plaintiff, Pernell Antonio Grant, initiated this action on February 15, 2018, by filing a pro se Civil Rights Complaint Form (Doc. 1; Complaint).[1] At the time he filed his Complaint, Plaintiff was serving a prison sentence at Jefferson Correctional Institution (JCI). See Complaint at 2. Since the filing of his Complaint, Plaintiff has been released from JCI, but was subsequently arrested in Duval County where he is currently being held as a pretrial detainee.[2] In his Complaint, Plaintiff names six Defendants: (1) Office of the State Attorney; (2) City of Jacksonville; (3) Duval County Pretrial Detention Center; (4) Florida Department of Corrections; (5) the State of Florida; and (6) JCI. Id. at 1-3. Plaintiff asserts Defendants violated his Fourth and Fifth Amendment rights related to a 2010 arrest, prosecution, and subsequent conviction. Id. at 7-9. He seeks damages from all Defendants. Id. at 9.

---

[1] Plaintiff has not moved to proceed in forma pauperis, nor has he paid the filing fee.
[2] See Florida Department of Corrections Inmate Offender Search, available at http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=134836&TypeSearch=AI (last visited April 30, 2018); Jacksonville Sheriff's Office Inmate Information Search, available at http://inmatesearch.jaxsheriff.org/pgInmateDetailsPublic.aspx (last visited April 30, 2018).

Pursuant to this Court's screening obligation under the Prison Litigation Reform Act, a district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915A(b). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915A(b) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982,

982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under the Court's screening obligation. First, Plaintiff appears to challenge the fact and length of his conviction and sentence. Indeed, his factual allegations simply chronicle his arrest, indictment, prosecution, conviction, sentence, and transfers between the Duval County Pretrial Detention Center and JCI. See Complaint at 7-8. Under "Statement of Claim," Plaintiff implies he was arrested under a warrant not supported by probable cause and charged under a charging document not supported by witness testimony, in violation of the Fourth Amendment, and he was deprived of his liberty under the Fifth Amendment. Id. at 9. To the extent Plaintiff challenges his conviction and resulting sentence, a civil rights action is not the appropriate avenue through which to proceed. See Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement.") (citing Preiser v. Roriguez, 411 U.S. 475 (1973)).[3]

To the extent Plaintiff attempts to raise claims properly addressed in a civil rights complaint, he has not stated a claim cognizable under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. With respect to five of the named Defendants, Plaintiff has named entities that do not qualify as "persons" under § 1983. The Supreme Court has held that states, including state agencies and arms of the state, are "not persons within the

---

[3] Plaintiff filed a petition for writ of habeas corpus challenging the conviction he complains of in this Civil Rights Complaint. See Grant v. McCallum, Case No. 3:17-cv-1354-J-32JBT, filed December 1, 2017. His petition was dismissed on April 6, 2018, for lack of prosecution. See id., doc. 9.

3

meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70 (1989). The State Attorney's office, FDOC, and JCI are each considered "arms of the state," and therefore, not properly-named Defendants in Plaintiff's Civil Rights Complaint. See Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (holding the Department of Corrections, a state agency, was not a person under § 1983); Scheider v. Leeper, No. 3:15-CV-364-J-34JRK, 2016 WL 916557, at *3 (M.D. Fla. Mar. 10, 2016) (recognizing the state attorney's office, as an arm of the state, may not be sued in a civil rights claim); Hannah v. Union Corr. Inst., No. 3:12-CV-436-J-20JBT, 2012 WL 1413163, at *2 (M.D. Fla. Apr. 23, 2012) (dismissing a civil rights action where the only named defendant, a correctional institution, was a state institution operated by the department of corrections).

With respect to the Duval County Pretrial Detention Center, Plaintiff has similarly failed to name a Defendant amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Thus, the following Defendants are subject to dismissal because they do not qualify as "persons": (1) Office of the State Attorney; (2) FDOC; (3) State of Florida; (4) JCI; and (5) Duval County Pretrial Detention Center.

As to the final named Defendant, the City of Jacksonville, Plaintiff has not alleged facts sufficient to state a claim for relief. While municipalities generally are amenable to suit under § 1983, their liability must be based on something other than the fact that the City employs or supervises officials who a plaintiff alleges violated his constitutional rights. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978). In other words, a claim against a municipality, such as a City, may not be premised on a theory of supervisory liability. Id. Rather, to proceed against a municipality, a plaintiff must allege the existence of a policy or custom constituting "deliberate indifference to [violation of a] constitutional right." Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (quoting McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)) (holding the district court properly dismissed a pro se plaintiff's civil rights complaint against a City where she failed to allege a City-approved custom or policy caused a violation of her constitutional rights but rather premised her claim on a theory of respondeat superior)). Plaintiff has failed to allege that a policy or custom of the City of Jacksonville caused the violation of any constitutional or federal rights. See Complaint at 7-9.

Furthermore, even if Plaintiff had properly stated claims under § 1983, Plaintiff's claims arising out of conduct that occurred more than four years prior to the filing of his Complaint are time-barred under the applicable statute of limitations. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); see also Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (acknowledging that Florida's residual personal injury four-year limitations periods applies in § 1983 actions) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Plaintiff complains of a 2010 arrest and

5

prosecution leading to a 2012 conviction. See Complaint at 7. To the extent Plaintiff could have stated a proper civil rights claim against appropriate "persons," the statute of limitations to do so has long since expired.

When a court determines that a complaint is subject to dismissal pursuant to its screening function under § 1915A(b), it generally should grant a pro se plaintiff leave to amend "unless a more carefully drafted complaint could not state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Where an amendment would be futile, a district court may properly dismiss a pro se plaintiff's Complaint without an opportunity to amend. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). In light of the above, any opportunity for Plaintiff to amend his Complaint would be futile.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of May, 2018.

_____
BRIAN J. DAVIS
United States District Judge

6

Jax-6
c: Pernell Antonio Grant